UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 05-C-1250

    v.

ONE 1994 CADILLAC ELDORADO
VEHICLE IDENTIFICATION NUMBER
(VIN) 1G6EL12Y3RU613244, WITH
ALL APPURTENANCES AND
ATTACHMENTS THEREON,

        Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

This civil action was closed by entry of a judgment of default and forfeiture on March 19, 2007, pursuant to Federal Rules of Civil Procedure 16(f) and 37(b), due to claimant Curtise Bufford's failure to defend his claim.

On April 10, 2007, the court received a letter captioned as "Motion to rescheduel [sic] Deposition Motion to rescheduel [sic] settlement Hearing," from Curtise Bufford. In its entirety this letter states:

> Curtise Bufford moves the court pro se to please ask this court to rescheduel [sic] and not find me in default on this matter Ive[sic] been in costody [sic] since June 23, 2006 at the Walworth Co. Jail and after I sent in my Request For Production and Interrogatory I have not been able to receive any more infomration about this matter. I know strict compliance with Rule c(6) is required, but these are clearly special circumstances that exist. Please reconsider any decision if one has been made about this matter I humbly ask this court to mail all correspondence on this matter to this Walworth Co. Jail. Thank you.

(Docket No. 35.)

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default upon a showing of good cause and Rule 60(b) permits a court to set aside an entry of default judgment for various grounds such as mistake, inadvertence, excusable neglect, or fraud. Because this court entered a default judgment, Rule 60(b) is controlling and therefore, Bufford must show good cause for the default, quick action to correct it, and a meritorious defense to the complaint. Pretzel & Stougger v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994).

Bufford fails to demonstrate good cause for his default and therefore his motion to reconsider shall be denied. The court shall not address the other two elements necessary to overcome the entry of a default judgment.

Accepting as true Bufford's claim that he was unaware that this court scheduled an in-court scheduling conference for February 7, 2007, (see Docket Nos. 22, 27), or that the government motioned for default judgment on February 15, 2007, (Docket No. 29), which was granted on March 19, 2007, (Docket No. 33), it is Bufford's own fault that he did not receive these notices. Notices of these events were mailed to Bufford at the Milwaukee address listed for Bufford on the docket and repeatedly utilized by Bufford in his pleadings, including on pleadings filed while Bufford was in custody. (See, e.g., Answer, Docket No. 16.) Only on April 10, after having been in custody for more than ten months, does Bufford notify the court that he is in custody in Walworth County.

The court also finds it notable that the fact that Bufford was in custody did not appear to have otherwise interfered with his ability to submit filings in this matter. While in custody, Bufford filed an answer to the complaint, (Docket No. 16), and a motion to dismiss, (Docket No. 18).

Finally, Bufford was aware that it was necessary to keep the court informed of his current address. Bufford has previously represented himself as a claimant in another forfeiture proceeding.

2

See Case No. 01-C-940 (E.D. Wis.). In that action, Bufford notified the court that his address changed to the Milwaukee Secure Detention Facility. (Docket No. 18.)

Therefore, the court finds that Bufford has failed to demonstrate good cause for his default and thus his motion for reconsideration (Docket No. 35) is **denied**.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 25th day of April, 2007.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge