UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

UNITED STATES OF AMERICA,

        Plaintiff,                   Case No. 05-C-1250

        v.

ONE 1994 CADILLAC ELDORADO
VEHICLE IDENTIFICATION NUMBER
(VIN) 1G6EL12Y3RU613244, WITH
ALL APPURTENANCES AND
ATTACHMENTS THEREON,

        Defendant.

## SUPPLEMENTAL ORDER DENYING MOTION FOR RECONSIDERATION

        This civil action was closed by entry of a judgment of default and forfeiture on March 19, 2007, pursuant to Federal Rules of Civil Procedure 16(f) and 37(b), due to claimant Curtise Bufford's failure to defend his claim.

        On April 10, 2007, the court received a letter captioned as "Motion to rescheduel [sic] Deposition Motion to rescheduel [sic] settlement Hearing," from Curtise Bufford. On April 23, 2007, the government responded, and on April 25, 2007, the court denied Bufford's motion for reconsideration. On April 30, 2007, Bufford filed his reply to the government's response.

        As explained in this court's order denying Bufford's motion for reconsideration, Bufford has failed to demonstrate good cause to set aside the entry of default judgment. If Bufford was in fact unaware of the progress of this case, it is a direct consequence of Bufford's continuing to use his Milwaukee address on the materials he submitted to this court despite the fact that he was in custody in the Walworth county jail.

In Bufford's reply, he states that he continued to use his Milwaukee address because of difficulties in mailing materials from the jail. He alleges that his sister would forward relevant papers to him in the jail, he would respond, mail his responses to his sister, who would then type these matters up and mail them to the court. Bufford alleges that his sister failed to give him the notices of the hearings that were scheduled in this matter.

This additional information does not affect this court's decision denying Bufford's motion for reconsideration. First, although Bufford alleges that he would have encountered difficulties in mailing items to the court because the jail does not mail larger envelopes, he does not allege that he had any difficulty in receiving mail at the jail. It is the receipt of mail that is the crucial issue in this case.

Second, Bufford contradicts his claim that he was unable to mail items from the jail. He states that he was able to mail his responses to his sister who then typed the materials and then mailed them to the court. If his sister received items that Bufford mailed, the court would have been no less able to receive such items. Even if this court accepts as true that Bufford was unable to mail larger envelopes from the jail, this limitation is irrelevant because Bufford's filings came folded in smaller envelopes. The unavailability of a computer is also not an effective limitation on Bufford's ability to proceed with this litigation as is made clear by the fact that many of Bufford's filings, including his motion for reconsideration and his reply, were handwritten.

Third, Bufford's claim that he mailed documents to his sister to type and she then directly mailed them to the court is inconsistent with the fact that the documents Bufford submitted while in custody, (Docket Nos. 16, 18), both bear Bufford's signature. The signature on these documents is entirely consistent with the signature on Bufford's reply and all other of Bufford's filings. According to Federal Rule of Civil Procedure 11(a) this signature must be Bufford's own signature.

Case 2:05-cv-01250-AEG   Filed 05/01/07   Page 2 of 3   Document 41

Therefore, for these reasons and the reasons previously stated in this court's April 25, 2007 order, the court finds that Bufford has failed to demonstrate good cause for his default and thus his motion for reconsideration (Docket No. 35) is **denied**.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this <u>1st</u> day of May, 2007.

<u>s/AARON E. GOODSTEIN</u>
U.S. Magistrate Judge